**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Allan Lewis

v.                                          Civil No. 09-cv-002-JL

Hon. Peter Fauver, et al.

**REPORT AND RECOMMENDATION**

Before the Court is Allan Lewis' complaint (document no. 1),
brought pursuant to 42 U.S.C. § 1983, alleging that defendants
have violated his constitutional rights by depriving him of a
civil jury trial.  Because Lewis is proceeding pro se and in
forma pauperis, the matter is before me for preliminary review to
determine, among other things, whether or not the complaint
states any claim upon which relief might be granted.  See United
States District Court District of New Hampshire Local Rule ("LR")
4.3(d)(1)(B) (authorizing Magistrate Judge to conduct preliminary
review to determine whether action may proceed); 28 U.S.C. §
1915(a)(1).

Standard of Review

Under this Court's local rules, when a plaintiff commences
an action pro se and in forma pauperis, the Magistrate Judge is

directed to conduct a preliminary review.  LR 4.3(d)(2).  In

conducting the preliminary review, the Court construes pro se

pleadings liberally, however inartfully pleaded.  See Erickson v.

Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following

Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner,

404 U.S. 519, 520-21 (1972) to construe pro se pleadings

liberally in favor of the pro se party).  "The policy behind

affording pro se plaintiffs liberal interpretation is that if

they present sufficient facts, the court may intuit the correct

cause of action, even if it was imperfectly pled."  See Castro v.

United States, 540 U.S. 375, 381 (2003) (noting that courts may

construe pro se pleadings so as to avoid inappropriately

stringent rules and unnecessary dismissals of claims); Ahmed v.

Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the

factual assertions made by a pro se plaintiff and inferences

reasonably drawn therefrom must be accepted as true.  See id.

This review ensures that pro se pleadings are given fair and

meaningful consideration.

## Background

On April 1, 2005, Lewis attended a scheduling conference for

a pending civil action, to which he was a party, in the Strafford

2

County Superior Court ("SCSC").  On May 2, 2005, the SCSC issued
an order setting a date for jury trial on July 18, 2005.  No
exception was taken to the scheduling order.  On July 18, 2005,
Lewis appeared for trial.  Lewis alleges that, on that date,
Judge Peter Fauver and Attorney Scott Ewing conspired to, and
did, deprive him of his right to a jury trial without due
process, in violation of his Seventh and Fourteenth Amendment
rights.

## Discussion

Congress did not provide a statute of limitations for § 1983
actions, so federal courts must borrow the personal injury
limitations period and tolling provisions of the forum state.
See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Lopez-Gonzalez
v. Municipality of Comerio, 404 F.3d 548, 551 (1st Cir. 2005).
In New Hampshire, all personal actions, other than slander and
libel, are governed by N.H. Rev. Stat. Ann. ("RSA") 508:4 I,
which provides a three-year limitations period.  Lewis alleges
that his rights were violated by the defendants on July 18, 2005.
This suit was not filed until January 5, 2009, approximately
three and a half years later.  Because this suit was not filed

3

within the three-year time limit available to commence this action, I recommend that it be dismissed.

Conclusion

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

Justo Arenas
United States Magistrate Judge

Date:      March 30, 2009

cc:      Allan Lewis, pro se